IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DEBRA A. WATERS,

    Plaintiff,

vs.                                    CASE NO. 1:07CV124-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/


**REPORT AND RECOMMENDATION**

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) under Title II of the Act and supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.    PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on July 17, 1998, and for SSI on August 18, 2000, alleging a disability onset date of August 1, 1990, because of arthritis and breathing problems. She was initially denied by ALJ decision dated August 13, 2002,

but the Appeals Council remanded the case for further proceedings, which were conducted on July 21, 2005, and a second unfavorable decision rendered on May 31, 2006, which is the decision presently under judicial review.

## B.     FINDINGS OF THE ALJ

The ALJ found that Plaintiff has severe impairments within the meaning of the regulations: obesity, left thumb carpo-metacarpal joint dysfunction, degenerative osteoarthritis of the knees, degenerative disc disease, and a depressive disorder, but none of these impairments either singly or in combination meet the Listings. (R. 28). The ALJ further found that Plaintiff retained the functional capacity to perform light work with no more than occasional reaching overhead and no concentrated or excessive exposure to pulmonary irritants such as dust, odors, fumes, extremes in temperatures or humidity. (R. 28). He found her to have mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence or pace. (R. 28). The ALJ found Plaintiff not credible with regard to her limitations because no medical source, including two consultative examiners, had found her to be limited to the degree she described. (R. 29). All functional assessments were consistent, the two consultative examiners and the reviewing state agency consultants, with the medical evidence that she could walk and stand for a total of six hours out of an 8 hour day and sit for six hours.

Plaintiff's date last insured is September 30, 1995, and the vocational expert called to testify found that she could perform none of her prior relevant work done during the fifteen years preceding the date last insured. (R. 34). Using the Medical-Vocational Guidelines and the testimony of a vocational expert, the ALJ found that there

**No. 1:07CV124-MP/AK**

were a number of jobs which she could perform such as dispatcher, light truck driver, inspector, and packer.  (R. 36)

## C.     ISSUES PRESENTED

Plaintiff argues that the ALJ erred in finding that Plaintiff did not meet the requirements of Listing 9.09, Obesity, which was repealed after she filed for benefits.

The government responds that the law is clear that Listing 9.09 did not apply to any claims that were pending at any level of the administrative process on or before October 25, 1999.  On this date her appeal before the Appeals Council was pending.  **D.**

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to

**No. 1:07CV124-MP/AK**

the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?
2. Does the individual have any severe impairment?
3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?
4. Does the individual have any impairments which prevent past relevant work?

**No. 1:07CV124-MP/AK**

     5.     Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**E.**     <u>**SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**</u>

Plaintiff has a long history of obesity (she is 5'5" tall and weighs between 260 and 280 pounds) with attendant knee and back pain, which shows up on x-ray as mild to moderate osteoarthritis with post-surgery cervical disc fusion in 1999.  She has no heart disease, although she claims to have had a heart attack and daily chest pains, but she has breathing difficulties in that she has a history of asthma and bronchitis, for which she takes medication and uses oxygen.  She has a history of depression, for which she takes medication prescribed by her primary physician, and which was deemed to have only a mild affect on her ability to work.

**No. 1:07CV124-MP/AK**

**F.     SUMMARY OF THE ADMINISTRATIVE HEARING (July 21, 2005)**

Plaintiff's attorney brought a copy of Listing 9.09 to the hearing, but the judge was already familiar with it. (R. 715). Counsel also referred the judge to Exhibit 15F, which showed her to be 66 inches tall and a weight of 274, and Exhibits 5F, and 14F, which contain MRI results showing degenerative changes in her spine and left flank and shoulder degenerative changes. (R. 716, 723-724).

At the time of the hearing, Plaintiff was 47 years old, was 5'5" and weighed between 270 and 280. (R. 725). She completed the tenth grade and failed a GED. (R. 726). Her last job was in 1990 at a sewing factory. (R. 728). She quit work because of carpal tunnel syndrome and her whole body hurting. (R. 731). She wears two wrist braces and has no cartilage in her legs causing the bones in her knees and ankles to rub together. (R. 732). She had surgery on her neck, which still hurts about five times a week, but its better than before the surgery. (R. 733). She gets stiff all over after sitting more than 45 minutes to an hour. (R. 733). After 35 minutes or so of standing her sciatic nerve goes numb. (R. 734). She has been suicidal in the past and has problems concentrating. (R. 736). She washes the dishes and sorts laundry, but has to take 10 to 15 minute breaks frequently to complete any project. (R. 737-738). She takes medication for depression, diabetes, high blood pressure, cholesterol, and breathing medications. (R. 739). She's supposed to be on oxygen eight or ten hours a day, which was prescribed a few days before the hearing. (R. 739). She did not bring the oxygen tank with her to the hearing. (R. 739).

The vocational expert testified that her past relevant work was medium exertional level. (R. 741-745). The hypothetical posed to the expert was an individual restricted to

**No. 1:07CV124-MP/AK**

a light level of exertion, no more than occasional reaching overhead and no concentrated or excessive exposure to pulmonary irritants, such as dust, odors, fumes, extremes in temperatures or humidity, who has mild restrictions of daily living activities. (R. 745-746). The expert named a number of jobs Plaintiff could perform. (R. 747-748). Even when the judge added marked limitations in her ability to interact with others and respond appropriately to work pressures, only one job was eliminated. (R. 749).

**G.      DISCUSSION**

Plaintiff claims to meet the listing for obesity with her additional orthopedic impairments of back and knee pain, but the listing was repealed and SSR 02-1p clearly states that "the final rules deleting listing 9.09 apply to claims that were filed before October 25, 1999, and that were awaiting an initial determination or that were pending appeal at any level of the administrative review process or that had been appealed to court."  No other argument is made by Plaintiff as to meeting any other listing nor is any other error claimed by her to be committed by the ALJ in reaching his decision that she is able to perform light work duties.

The ALJ has referred to the medical sources and records that support his decision that Plaintiff can perform light work, articulated his reasons for rejecting the report of Dr. Valenstein regarding Plaintiff's mental limitations and giving weight to the findings of Drs. Mann and Nazario.  Therefore, there is substantial evidence to support the ALJ decision.

Accordingly, it is respectfully **RECOMMENDED**:

No. 1:07CV124-MP/AK

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  **13th**  day of November, 2008.


<u>*s/ a. KORNBLUM*</u>
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV124-MP/AK**