IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEBRA A WATERS,

    Plaintiff,

v.                                                                  CASE NO. 1:07-cv-00124-MP-AK

MICHAEL J ASTRUE,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 22, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be affirmed. The Claimant filed objections, Doc. 23. The ALJ found that Plaintiff has severe impairments within the meaning of the regulations: obesity, left thumb carpo-metacarpal joint dysfunction, degenerative osteoarthritis of the knees, degenerative disc disease, and a depressive disorder, but none of these impairments either singly or in combination meet the Listings. (R. 28).

The ALJ further found that Plaintiff retained the functional capacity to perform light work with no more than occasional reaching overhead and no concentrated or excessive exposure to pulmonary irritants such as dust, odors, fumes, extremes in temperatures or humidity. (R. 28). He found her to have mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence or pace. (R. 28).

The ALJ found Plaintiff not credible with regard to her limitations because no medical

source, including two consultative examiners, had found her to be limited to the degree she described. (R. 29). All functional assessments were consistent, the two consultative examiners and the reviewing state agency consultants, with the medical evidence that she could walk and stand for a total of six hours out of an 8 hour day and sit for six hours.

The claimant at first argued that she meets the requirements of Listing 9.09, Obesity, and thus she should be considered completely disabled.  However, in her objections, she concedes that Listing 9.09 was repealed an that the final rules deleting listing 9.09 apply to claims that were filed before October 25, 1999, and that were awaiting an initial determination or that were pending appeal at any level of the administrative review process or that had been appealed to court.  However, claimant argues that due process requires that the Listing be applied to cases already filed, but offers no legal support for this position.

Additionally, Claimant argues that although Obesity is not its own listing anymore, the ALJ erred by not considering claimant's obesity in evaluating her under other listings.  The record reveals, however, that the ALJ has referred to the medical sources and records that support his decision that Plaintiff can perform light work, articulated his reasons for rejecting the report of Dr. Valenstein regarding Plaintiff's mental limitations and giving weight to the findings of Drs. Mann and Nazario. In these reports and the ALJ's reliance upon them, the issue of obesity

was clearly considered.  Therefore, there is substantial evidence to support the ALJ decision, and the decision should be affirmed.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The decision of the Commissioner is AFFIRMED, this action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *30th*   day of March, 2009

      *s/Maurice M. Paul*
      Maurice M. Paul, Senior District Judge